**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.:**

SERENA CLEVELAND, individually and on behalf of all others similarly situated

Plaintiff,

vs.

LONDONTOWN, INC.

Defendant.
_______________________________________/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

Plaintiff, SERENA CLEVELAND (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against LONDONTOWN, INC. (hereinafter "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter the "TCPA") and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and all other available legal or equitable remedies, resulting from Defendant's unlawful actions in negligently and/or willfully contacting Plaintiff on Plaintiff's personal cellular telephone, thereby invading Plaintiff's privacy.

2. To promote and market its services, Defendant, directly or through persons on its behalf, routinely and systematically violates 47 C.F.R. 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering telemarketing solicitations, advertisement and marketing text messages to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC").

3. Plaintiff and Class Members received unwanted spam telemarketing text messages from Defendant without regard to the TCPA, the Do-Not-Call Rules, and in disregard for individual privacy. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry. This lawsuit challenges all telemarketing text messages that were sent by Defendant, or on Defendant's behalf, to Plaintiff and Class Members from approximately June 2019, through the date of preliminary approval of class certification.

4. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

---

[1]. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

5. The TCPA was designed to prevent telemarketing text messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. The Federal Communications Commission (FCC) reports that unwanted calls constitute its top consumer complaint. *See* Federal Communications Commission, *Stop Unwanted Calls and Texts* (Mar. 2, 2021), https://www.fcc.gov/consumers/guides/stop-unwanted-calls-and-texts (last visited Apr. 16, 2021).

6. Additionally, the FCC has explicitly stated that the TCPA's prohibitions encompass both "voice calls and text calls to wireless numbers. . ." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

**JURISDICTION AND VENUE**

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this district, including Defendant's transmission of the unlawful marketing texts to Plaintiff and Class Members in this district on their residential telephone numbers with Florida area codes.

9. The Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities to this district, and has availed

itself to the jurisdiction of this district by transmitting the subject marketing text messages to Plaintiff and Class Members in this state whose residential telephone numbers have Florida area codes.

## PARTIES

10. At all times relevant herein Plaintiff was a "person" as defined by 47 U.S.C. § 153 (39) domiciled in Orange County, Florida. Plaintiff is a citizen of the state of Florida.

11. Defendant is a limited liability company with its principal address located at 260 Madison Ave, 8th Floor, New York, NY 10016, and at all times mentioned herein, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

12. Defendant is a company engaged in the manufacture, marketing, advertising, promotion and distribution of health and personal care products.

13. Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff has been on the National Do Not Call Registry since October 2018, and at all times relevant to this action.

15. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

16. Defendant utilizes mass spam telemarketing text messaging to send unsolicited text messages, marketing and advertising Defendant's services, including at least fourteen (14) unsolicited marketing text messages to Plaintiff's telephone number ending in 2660, since May 2022.

17. The number is used by Plaintiff for residential purposes and is considered by her to be a residential number.

18. Plaintiff's full telephone number will be provided to counsel for Defendant in discovery. It is not being provided in this Complaint, a public document, to prevent further unwanted and unauthorized calls to Plaintiff and further intrusion into her phone.

19. Screen shots of some of the text messages are provided below for demonstrative purposes:

(833) 217-4345
Excludes UV gels and gift cards. Ends 12/19
Londontown: ENDS TODAY! Shop our Holiday Sale and get 25% OFF sitewide with code JOY25 at checkout: https://londontown.attn.tv/l/2Fk/3J4lo
12/22/2022, 1:31 PM
Londontown: Still looking for the perfect gift? Our E-Gift Card is here to help Simply choose the value, enter a custom message to your loved ones and we'll handle the rest: https://londontown.attn.tv/l/2Xh/3J4lo
12/26/2022, 1:42 PM
Semi-Annual
SALE
UP TO
60% OFF
Send message

(833) 217-4345
Londontown: Shop our SEMI-ANNUAL SALE and save up to 60% OFF! Stock up on limited-edition lakur, coveted sets and lush body care! No coupon needed. Priced as marked: https://londontown.attn.tv/l/6X9/3J4lo
12/27/2022, 1:31 PM
Londontown: New year, new nails. Get them in tip-top shape for 2023 with a whole new nail care routine: https://londontown.attn.tv/l/ESO/3J4lo
12/29/2022, 1:45 PM
Londontown: It's our SEMI-ANNUAL sale! This is your chance to stock up on must-have lakurs, sets and body care while you save as much as 60%. No coupon needed, priced as marked: https://londontown.attn.tv/l/kWP/3J4lo
Send message

(833) 217-4345
nail care routine? https://londontown.attn.tv/l/1lJ/3J4lo
Jan 2, 3:17 PM
Londontown: ENDS TODAY: Don't miss our Semi-Annual Sale! Up to 60% OFF your favorite nail color, care, body, and so much more. https://londontown.attn.tv/l/8fm/3J4lo
Jan 3, 1:32 PM
Londontown: Just dropped (but helps you avoid spills!).
Send message







20. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to market, advertise, and promote Defendant's business.

21. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., advertising discounts and promotions for the purchase of Defendant's products.

22. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

23. Plaintiff uses, and at all times relevant to this action used, her cellular telephone as her personal residential telephone number.

24. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

25. Defendant's telemarketing text messages were not for emergency purposes as defined by or collection of a debt pursuant to 47 U.S.C. § 227(b)(1).

26. Plaintiff did not provide Defendant prior express written consent to receive telemarketing text messages to her personal cellular telephone.

27. Defendant was or should have been aware that it was unlawfully transmitting telemarketing text messages to Plaintiff and other consumers without prior express consent or prior express written consent to telephone numbers on the DNC Registry.

28. Plaintiff was damaged by Defendant's unsolicited telemarketing text messages. In addition to using Plaintiff's cellular data, battery life, and phone storage, her privacy was wrongfully invaded, causing intrusion upon her seclusion, intrusion and trespass upon her personal property, harassment, annoyance, aggravation, frustration, distraction, inconvenience, time spent investigating, and risk of future harm. Plaintiff has become aggravated having to deal with repeated, unwanted telemarketing messages forcing her to divert attention away from personal and family activities. Plaintiff was forced to spend time investigating the source of the text messages and invest time researching and hiring counsel.

29. Plaintiff and Class Members have had to spend wasted time away from work, family, and personal activities, and suffered aggravation, because of the unwanted texts.

30. For example, Plaintiff received some of the unsolicited telemarketing text messages while she was sharing personal and intimate time with her daughter and grandchildren. This caused Plaintiff on multiple occasions to stop to check her phone and waste time reviewing the messages to confirm they were not for an emergency purpose, causing specific injury, trespass, intrusion and disruption onto Plaintiff's personal and daily life.

31. Plaintiff, through undersigned counsel, provided written pre-suit notice to the Defendant in an effort to resolve Plaintiff's claims. But Defendant did not respond to Plaintiff.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this class action under Rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and of a similarly situated "Class" or "Class Members" defined as:

> **DNC Registry Class: All persons within the United States who (1) were sent at least two text message by or on behalf of Defendant (2) within a 12-month period from or on behalf of Defendant within the four years prior to the filing of this Complaint; (3) and such person had previously included their number on the National Do Not Call Registry at least 31 days prior to receiving the first text message from Defendant; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior**

> **express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

33. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

34. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

35. **Numerosity**: At this time Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating thepossibility of inconsistent or varying adjudications of individual actions.

36. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's texting logs and marketing records.

37. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

38. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether Defendant initiated telephonic sales text messages to Plaintiff and Class members;

   b. Whether Defendant can meet its burden of showing that it had prior express written consent to send such texts;

   c. How Defendant obtained the numbers of Plaintiff and Class members;

   d. Whether Defendant violated 47 C.F.R § 64.1200(d) and its regulations;

  e. Whether Defendant violated the privacy rights of Plaintiff and members of the class;

  f. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney's fees and costs for Defendant's acts and conduct;

  a. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in unlawful conduct; and

  b. Whether Plaintiff and the Class are entitled to any other relief.

39. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

40. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

41. Plaintiff and members of the Class each received at least two text messages within a twelve month period, promoting the Defendant's real estate broker services, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

42. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members

of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in TCPA litigation and class action litigation.

43. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

44. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**

45. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth verbatim herein.

46. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

47. 47 C.F.R. § 64.1200(e), further provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48. Both calls and texts to numbers on the DNC registry violate the TCPA. *See* 47 C.F.R. § 1200(c)(2).

49. Wireless phone subscribers have always been able to add their personal wireless phone numbers to the national Do-Not-Call list.[2]

50. Any "person who has received more than one telephone call within any 12-monthperiod by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Do-Not-Call Registry Class members who registered their respective telephone numbers on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. To the extent

---

[2]. *See* Federal Communications Commission, Wireless Phones and the National Do-Not-Call List, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list#:~:text=Placing%20telemarketing%20calls%20to%20wireless,been%20%2D%20illegal%20in%20most%20cases. (Last visited June 18, 2023).

Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount in statutory damages for each willful violation recoverable by members of the Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per text in violation of the TCPA;

c. Willful damages at $1,500 per text in violation of the TCPA;

d. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(l)(A)(iii);

e. An injunction prohibiting Defendant from calling telephone numbers assigned to the National Do-Not-Call registry without the prior express written consent of the called party;

f. Reasonable attorney's fees and costs; and

Such further and other relief as this Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 20, 2023

Respectfully submitted,

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz
Florida Bar No.: 0067926
EGGNATZ | PASCUCCI
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (954) 889-3359
jeggnatz@justiceearned.com

Alexander J. Korolinsky, Esq.
Florida Bar No.: 119327
AJK LEGAL
1580 Sawgrass Corp Pkwy, Suite 130
Sunrise, Florida 33323
Tel: (877) 448-8404
korolinsky@ajklegal.com

*Attorneys for Plaintiff and Putative Class*